**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEVEN ALLEN, ET AL.** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **20-860-SDD-EWD** |
| **BRANNON WILLIAMS, ET AL.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Steven Allen ("Allen") and Stalette Brown ("Brown") (collectively, "Plaintiffs") based upon the injuries they allegedly sustained on September 17, 2019 due to a motor vehicle accident that occurred in Baton Rouge, Louisiana (the "Accident").[1] Plaintiffs allege the Accident was caused when the vehicle they occupied was hit by the vehicle owned by Defendant Hertz Vehicles, L.L.C. ("Hertz") and operated by Defendant Brannon Williams ("Williams").[2] On March 5, 2020, Plaintiff filed their Petition for Damages ("Petition") against Hertz, Williams, and XYZ Insurance Company, the alleged unknown liability insurer of Williams, in Baton Rouge City Court.[3] Plaintiffs contend that they have suffered personal injuries and property damage as a result of the Accident, caused by the negligence of Williams and Hertz.[4] According to Hertz, the matter was transferred to the Nineteenth Judicial District Court for the Parish of East Baton Rouge on November 4, 2020 on motion of Plaintiffs because they are seeking damages in excess of the Baton Rouge City Court jurisdictional limits.[5] On December 18, 2020, the matter was removed by Hertz to this Court, on the basis of diversity

---

[1] R. Doc. 1-3, ¶¶ V-VIII.
[2] R. Doc. 1-3, ¶¶ I, VI-VIII.
[3] R. Doc. 1-3.
[4] R. Doc. 1-3, ¶¶ IX-XII.
[5] R. Doc. 1, ¶ 1 *and see* R. Doc. 1-9, Motion to Transfer.

jurisdiction under 28 U.S.C. § 1332.[6]  However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiffs are citizens of Louisiana;[7] Williams is a citizen of Idaho;[8] Hertz is a limited liability company whose ultimate underlying member is a corporation incorporated in Delaware and with its principal place of business in Florida;[9] and the citizenship of XYZ Insurance Company can be disregarded under 28 U.S.C. § 1441(b)(1) because it is a fictious entity.[10]  Accordingly, complete diversity appears to exist.

However, it is not clear from the Petition or the Notice of Removal whether either of Plaintiffs' claims likely exceed $75,000, exclusive of interest and costs.[11]  The Petition alleges Plaintiffs' injuries as follows:

> IX.
>
> As a result of the accident and collision, plaintiff STEVEN ALLEN sustained immediate physical injuries such as headaches, left wrist pain, left knee pain, neck pain, and back pain (contusion of left wrist, sprain of ligaments of cervical spine, sprain of ligaments of lumbar spine and contusion of left knee all for which he is currently being treated medically).
>
> X.
>
> Plaintiff, STALETTE BROWN, sustained immediate physical injuries from the impact of the two vehicles. Ms. Brown was in so

---

[6] R. Doc. 1, ¶¶ 3-4.  Hertz contends that Williams has not yet been served and therefore his consent to removal is not necessary.  *Id.* at ¶ 2.
[7] R. Doc. 1, ¶ 4 (a) and (b) *and see* R. Doc. 1-3, introductory paragraph.
[8] R. Doc. 1, ¶ 4 (d) *and see* R. Doc. 1-3, ¶ I.
[9] R. Doc. 1, ¶ 4 (c).
[10] R. Doc. 1, ¶ 4 (e).
[11] *See* 28 U.S.C. §1332(a).

> much pain that she was unable to exist (sic) the vehicle once the firefighters unjammed the vehicle's front passenger door. Upon impact, STALETTE BROWN slid forward in her seat, hit her head on dashboard and complained of a headache immediately, as well as lumbar pain radiating to her bilateral legs. She also experienced right and left knee pain, paining (sic) ankles and feet with worse pain in the left foot.[12]

Plaintiffs also allege that their vehicle sustained "severe and measurable damages to the front end."[13] Plaintiffs seek a judgment for an amount deemed "reasonable and proper, together with legal interest from judicial demand until paid, plus all costs of these proceedings…."[14]

In the Notice of Removal, Hertz merely alleges that "the amount in controversy is greater than $75,000, exclusive of interest and costs."[15] However, the state court record provides more descriptive information, as Plaintiffs' Motion to Transfer alleges that Plaintiffs sought transfer because their damages were in excess of the jurisdictional limits of the Baton Rouge City Court, *i.e.*, $35,000.[16] In particular, Plaintiffs alleged: "as time went along, it became obvious to plaintiffs that they had sustained significant injuries" in the Accident, and "each Plaintiff has had an MRI study which has confirmed multiple disc herniations in each plaintiff."[17]

The foregoing does not provide enough information to determine if Plaintiffs' claims will likely exceed $75,000, exclusive of interest and costs.[18] First, Plaintiffs' general allegations in the

---

[12] R. Doc. 1-3, ¶¶ IX-X.
[13] R. Doc. 1-3, ¶ VIII.
[14] R. Doc. 1-3, prayer for damages.
[15] R. Doc. 1, ¶ 3. The Notice of Removal also states that the amount in controversy was "not apparent until November 19, 2020, the date on which the defendant received a settlement demand letter from plaintiffs' counsel detailing the injuries claimed by the plaintiffs in this matter. *Id*., at ¶ 6. The settlement demand is not attached to the Notice of Removal.
[16] R. Doc. 1-9, ¶ 3 and La. C.C.P. art. 4843(G).
[17] R. Doc. 1-9, ¶¶ 1-2.
[18] In *Exxon Mobil Corp. v. Allapattah Services, Inc.*, the United States Supreme Court held that where at least one named plaintiff satisfies the amount in controversy requirement, the additional plaintiff's claims are part of the same case or controversy as those of the plaintiff who alleges a sufficient amount in controversy, and the other elements of diversity jurisdiction are present, the court may exercise 28 U.S.C. § 1367(a) supplemental jurisdiction over the additional plaintiffs' claims even though their claims do not meet the amount in controversy requirement. *Johnson v. Sentry Select Ins. Co.,* No. 17-1626-SDD-EWD, 2018 WL 4512190, at *8 (M.D. La. July 6, 2018), *citing* 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L.Ed. 2d 502 (2005) (other citations omitted).

Petition of sprains of spinal ligaments, headaches, wrist, knee, neck, and back pain, as well as contusions thereto, and demands for general categories of damages (*e.g.*, amounts the court deems proper) are insufficient to establish the amount in controversy.[19] "[C]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[20]

Plaintiffs' allegations of multiple herniated discs as to each Plaintiff in the Motion to Transfer presents additional facts with respect to Plaintiffs' injuries and damages, and whether Plaintiffs' damages meet the jurisdictional threshold is a close question on the facts currently in the record.[21] However, aside from the reference to MRIs in the Motion to Transfer and the Petition's allegation that Allen was continuing to receive treatment as of the time of its filing,[22] Hertz has not provided any details regarding the extent of Plaintiff's medical treatment thus far; whether Plaintiffs' injuries are permanent; and Plaintiffs' prognosis and recommended future treatment, including whether Plaintiffs have been recommended for surgery.[23] Hertz has not

---

[19] Even allegations of permanent disability, which are not alleged here, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly ''vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").
[20] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[21] *See, e.g., Davis v. S. Farm Bureau Cas. Ins. Co.,* No. 20-322, 2020 WL 3000803, at *2 (M.D. La. June 4, 2020) (ordering briefing on the amount in controversy where the plaintiff had herniated discs, among other injuries*, and* more than $30,000 in medical expenses).
[22] R. Doc. 1-9, ¶ 2 and R. Doc. 1-3, ¶ IX.
[23] *See Jenkins v. State Farm Mut. Auto. Ins. Co.,* No. 19-278, 2019 WL 2061964, at *1 (M.D. La. May 9, 2019) ("Finally, this Court has recognized that '[w]hether or not a herniated disc satisfies the amount in controversy often

offered any specific medical information regarding Plaintiff's injuries, treatment, prognosis, and expenses in support of the amount in controversy, or information regarding Plaintiffs' property damage.

Furthermore, while the Notice of Removal references Hertz's receipt of a settlement demand letter from Plaintiffs' counsel detailing the injuries sustained by Plaintiffs (which Hertz contends triggered the thirty-day removal window pursuant to 28 U.S.C. § 1446(b)(3)),[24] the letter is not attached and the Notice does not specify the amount of the demand or give any further information regarding the details of the injuries allegedly provided therein. There is also no evidence of discovery responses or relevant documents produced in discovery relevant to the amount in controversy.

While close, Hertz has not yet met its burden of establishing that the amount in controversy is satisfied. Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises

---

turns on whether surgery is recommended,' [*citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011)]. Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including damages for a herniated disc meets the amount in controversy requirement when balanced with other information in the record [*citing Hebert v. Hanco Nat. Ins. Co.*, No. 07-362, 2009 WL 255948, at **4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff 'suffers from a herniated disc, without any recommendation for surgery' and the plaintiff 'continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish'); *Espadron v. State Farm Mut. Auto. Ins. Co.*, No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a 'herniated cervical disc [or] segmental cervical instability' and a 'herniated lumbar disc [or] segmental lumbosacral instability' and was a 'potential surgical candidate' and plaintiff stipulated that his damages did not exceed $50,000).] The *Robinson* Court specifically noted that: 'Although damage awards in cases involving non-surgical herniated discs are usually below the jurisdictional minimum, those cases vary greatly depending on what other injuries are involved and the type of treatment recommended.' [*citing* 2011 WL 2790192, at *4, n. 4] Further, even where some courts have ultimately found the amount in controversy met based on disc herniation, those courts have noted the amount in controversy was not facially apparent where, as here, the Petition lacked specificity [*citing No. 05-1778, Reeves v. TPI Restaurants, Inc.*, 2007 WL 1308380, at *1 (W.D. La. April 13, 2007) (where court relied on MRIs and cited jurisprudence) and *McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011) (where court relied on medical reports and jurisprudence).]".
[24] R. Doc. 1, ¶ 6.

5

the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[25]

Accordingly,

**IT IS ORDERED that, on or before January 5, 2021,** Defendant Hertz Vehicles, L.L.C. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before January 19, 2021,** Plaintiffs Steven Allen and Stalette Brown shall file either: (1) a Notice stating that Plaintiffs do not dispute that Hertz Vehicles, L.L.C. has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, December 21, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").